Filed 4/7/23  P. v. Garcia CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS MARIA GARCIA,<br><br>    Defendant and Appellant. | A165393<br><br>(Solano County<br>Super. Ct. No. VCR228983) |

Defendant Luis Maria Garcia appeals from a judgment following his plea of no contest to one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] against victim J.D.[2]  Additional counts were dismissed with a *Harvey* waiver.[3]

The underlying crimes occurred on the morning of February 6, 2016. Defendant was a passenger in a car with two codefendants as they chased a car driven by victim J.D.  They followed J.D. to a parking lot and confronted him.  Defendant pointed a firearm at J.D. and asked, " 'do you bang, where you from.' "  One of the codefendants stopped the confrontation when he

---

[1]    Further unspecified references are to the Penal Code.

[2]    Pursuant to California Rules of Court, rule 8.90, governing "Privacy in opinions," we anonymize the names of certain victims and witnesses.

[3]    *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

1

recognized J.D., and defendant and his codefendants got back in their car and drove away.

Shortly thereafter, defendant and his codefendants chased a car driven by victim Eric Reyes. Reyes drove in a circle to elude the other car, but both he and his passenger, A.C., were eventually shot. Reyes died of a gunshot wound to the chest.

Defendant and his codefendants were charged with seven counts: conspiracy to commit a crime (§ 182, subd. (a)(1); counts one and two); murder (§ 187, subd. (a); count three); attempted murder (§§ 664, 187, subd. (a)(1); count four); shooting at an occupied vehicle (§ 246; count five); street terrorism (§ 186.22; count six); and assault with a semiautomatic firearm (§ 245, subd. (b); count seven). Counts one through four and seven included a gang enhancement (§ 186.22, subd. (b)(1)(A)). Counts one, three, four, five, and seven included a firearm enhancement (§ 12022.5, subd. (a)(1)). All counts carried a serious and/or violent felony allegation (§§ 1192.7, subd. (c), 667.5, subd. (c)).

Defendant entered a no contest plea to an added count eight for assault with a firearm upon J.D. (§ 245, subd. (a)(2)), with a gang enhancement (§ 186.22, subd. (b)(1)(A)), for a total prison term of nine years. At the change of plea hearing, defendant signed a change of plea form, and the trial court dismissed counts one through seven "with a *Harvey* waiver on motion of the district attorney." Defendant was released for time served.

The trial court ordered defendant to pay direct victim restitution to the parents of Reyes. The order was later amended to add joint and several liability with the codefendants. Defendant filed a notice of appeal, indicating this appeal is based on the post-plea restitution order.

2

Defendant's court-appointed counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief includes counsel's declaration stating that counsel reviewed the record and determined a brief raising no issues was appropriate; advised defendant a *Wende* brief would be filed in this case; advised defendant of his right to file a supplemental brief within 30 days to raise any issues which he wished to call to the court's attention; and informed defendant that he could request the court to relieve her as counsel. A proof of service accompanying the brief indicates it was served on defendant by mail on October 24, 2022. More than 30 days has now elapsed, and defendant has not filed a supplemental brief.

We reviewed the post-plea record on appeal, and we have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

FUJISAKI, J.

WE CONCUR:

TUCHER, P.J.

PETROU, J.

*People v. L.M. Garcia* (A165393)

3